UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**DEREK A. JARRELL and**         **CIVIL CASE NO.** _____
**MEGAN JARRELL**

VS         **JUDGE JAMES DAVID CAIN, JR.**

**STATE FARM FIRE and**
**CASUALTY COMPANY**         **MAGISTRATE JUDGE KATHLEEN KAY**

---

### COMPLAINT FOR DAMAGES AND STATUTORY PENALTIES

NOW INTO COURT, through undersigned counsel, come Plaintiffs **DEREK A. JARRELL and MEGAN JARRELL**, who respectfully represent:

1.

Made Defendant herein:

**STATE FARM FIRE AND CASUALTY COMPANY ("State Farm,")** a foreign insurance corporation authorized to do and doing business in the State of Louisiana that can be served through the Louisiana Secretary of State.

### JURISDICTIONAL ALLEGATIONS

2.

The Court has diversity jurisdiction over this matter in accordance with 28 U.S.C. § 1332.

3.

Plaintiffs are citizens of the State of Louisiana. On information and belief, State Farm is a corporation formed and headquartered in the State of Illinois. Complete diversity between the parties exists.

4.

The amount in controversy exceeds $75,000.00.

1

5.

State Farm issued the policy of insurance upon which this suit is based to Plaintiffs, insuring their home located at 7213 Windmill Lane in Lake Charles, Louisiana. This Court has personal jurisdiction over State Farm.

**CAUSES OF ACTION**

6.

State Farm insured Plaintiffs under Policy No. 18-B7-H671-7, which was in full force and effect on both August 27, 2020 and October 9, 2020.

7.

Plaintiffs' home suffered damage and diminution in value as a result of Hurricane Laura on August 27, 2020 and Hurricane Delta on October 9, 2020.

8.

On or about September 9, 2020, State Farm inspected the loss from Hurricane Laura and, after multiple visits, determined the total damage to the home to be $29,585.24, after application of deductible and depreciation. That number did not take into account the full extent of Plaintiffs' hurricane losses. State Farm issued a supplemental estimate on January 22, 2021, adding $8,502.29 to the total damage to the home after application of deductible and depreciation.

9.

As a result of the significant damage and State Farm's refusal to fully adjust the claim, Plaintiff hired Legacy Engineering, LLC, to do an inspection of their home which was completed in February 2021.  Legacy concluded the following: 1) there was moving of the east wall of the garage and separation of crown molding on the interior; 2) concrete spalling on northwest corner; 3) separation around windows; 4) cracks in brick and mortar; 5) separation of vinyl siding and

brick wall at front entrance; damage to soffit; 6) on east side, brick was found to have movement when pushed on with crack in brick and mortar noted; 7) separation of crown molding throughout residence along with damage to sheetrock on ceiling in foyer and kitchen, separation around windows and door frames in the kitchen, master bedroom and hall bath and separation of cabinets from wall in laundry room; 8) in the attic, slight separation of rafters to ridge beams was found.

10.

State Farm issued three additional estimates following receipt of Legacy Engineering's report, one on April 1, 2021 adding $5,904.24, the next on April 24, 2021 which added $3,130.83 and the final one on May 18, 2021 which added $1,223.55, bringing the total paid by State Farm to $48,346.15 for damages caused by Hurricane Laura.

11.

State Farm's adjustments were unreasonably low, were unrealistic, and gave the Plaintiffs no opportunity to conduct the repairs needed to return their home to its pre-hurricane condition.

12.

Plaintiff's repairs, including materials and labor, exceed $126,000.00. Receipts and invoices reflecting that number were conveyed to State Farm and constitute satisfactory proof of Plaintiff's losses.

13.

In addition to their claim for damages to their dwelling and other structures, Plaintiffs have claims for their lost and damaged personal property and for additional living expenses incurred as a result of the hurricane damage to their home.

14.

La. R.S. 22:1892 states an insurer "shall pay the amount of any claim due any insured within thirty (30) days after receipt of satisfactory proofs of loss from the insured." State Farm failed to pay amounts due to its insured within thirty (30) days after receipt of satisfactory proof

of loss of the claim, thus making State Farm liable to Plaintiff for penalties, attorney's fees, and costs under La. R.S. 22:1892. State Farm had satisfactory proof of loss upon its initial inspections of the premises, yet unreasonably withheld accurate and defensible accountings of the full extent of the damages caused by the storms.

15.

Additionally, La. R.S. 22:1973 states that "failing to pay the amount of any claim due any person by the contract within sixty (60) days after receipt of satisfactory proof of loss from the claimant when such failure is arbitrary, capricious, or without probable cause" constitutes a breach of the insurer's duty of good faith and fair dealing. State Farm has violated its statutory obligation and duty in its dealings with the Plaintiffs.

16.

La. R.S. 22:1973 identifies certain acts which constitute a breach of the insurer's general duty of good faith and fair dealing to the insured. An insurer like State Farm is prohibited from "misrepresenting pertinent facts or insurance policy provisions relating to any coverages at issue." State Farm has misrepresented pertinent facts and insurance policy provisions in its dealings with Plaintiffs by representing that the original estimates were a fair estimate of the damages.

17.

State Farm's failure to fairly and promptly adjust the full extent of Plaintiffs' claims have caused them contractual and extra-contractual damages including but not limited to grief and mental anguish, worry and stress from dealing with the insurance claim, concern over whether there would be sufficient funds to repair the home, and additional time delays associated with repairing the home. These damages, and others associated with them that were caused by State Farm's delay, render it liable to Plaintiffs for attorney's fees and costs.

18.

State Farm knew or should have known that its failure to timely pay Plaintiffs' insurance claims prevented repairing their home and should have known that its failure to pay Plaintiffs' insurance claims would cause them grief, mental anguish, and worry.

19.

WHEREFORE, DEREK A. JARRELL and MEGAN JARRELL pray that there be judgment in their favor against STATE FARM FIRE AND CASUALTY COMPANY as follows:

(1) Finding STATE FARM liable to DEREK A. JARRELL and MEGAN JARRELL for statutory penalties, contractual and extra-contractual damages, attorney's fees, and costs under La. R.S. 22:1892 and/or 22:1973, and awarding them the same;

(2) Awarding DEREK A. JARRELL and MEGAN JARRELL general damages caused by STATE FARM'S breach of its duty of good faith and fair dealing;

(3) For specific damages and general damages, including but not limited to diminution in value, penalties and attorney's fees, all costs of these proceedings, and interest from date of judicial demand until paid; and

(4) For any and all other relief that is justified under law and equity.

Respectfully submitted,

LUNDY, LUNDY, SOILEAU & SOUTH, LLP

/s/ Matthew E. Lundy
Matthew E. Lundy (#18988)
T. Houston Middleton, IV (#33281)
Kailey K. Gallegos (#38958)
Gary L. Blanchard (#39805)
501 Broad Street (70601)
P.O. Box 3010
Lake Charles, LA 70602-3010

               (337) 439-0707 - Telephone
               (337) 439-1029 - Facsimile
               *Attorneys for the Plaintiffs, Derek A. Jarrell and Megan Jarrell*

**SERVICE INSTRUCTIONS:**

**STATE FARM FIRE AND CASUALTY COMPANY**
Through its Agent for Service of Process
Louisiana Secretary of State
8585 Archives Avenue
Baton Rouge, LA 70809